We will hear argument now in number 153190, Jefferson against Merit Systems Protection Board. Hi, good morning. This is a removal case that was appealed to the MSPB that the MSPB dismissed on procedural grounds and did not review substantively because what it said is that the union that brought the case had to file the transcript when it filed the petition for review. What happened was... by itself was sufficient, had not to do with the transcript but with the agency decision, which was never submitted. That was another one. Let me make the distinction. The regs, when they do an acknowledgement letter, the acknowledgement letter says we need the decision basically or the agency decision. In this case, this case went to arbitration. We had a binding arbitration decision. What we asked for review of was that binding arbitration decision. But the rule regarding appeals from an arbitrator's decision, this is 1201.155. D4 requires that not only the arbitrator decision but the agency decision as well. Right. That is a very confusing thing. I've been doing this for over 20 years, filing cases with the MSPB. I know that the regs were revised in 2009. They have never reviewed the agency's decision. They've never asked for it before. But that's what the rule requires. Yes, but that's putting form over substance because what they say is they are reviewing what you asked them to review. You are asking them to review the arbitrator's decision. Now, this is what usually happens. If there's something that's not in the record, they will send you an order to show cause why this case should not be dismissed on procedural grounds for failure to give any part of the record. There was no order to show cause here. None at all. They never asked for the agency decision. That never happened. So what they did was in its desire to dismiss on procedural grounds, that's exactly what they did. It's to their advantage to dismiss cases on procedural grounds. Rather than looking at this case and saying this is a viable case, it has a complete record, we have the brief arguing against the decision of the arbitrator. We are just going to dismiss this out of turn. Not simply for the transcript. Also, what the MSPB is arguing is that the transcript was mandatory. And all throughout 1201.155D, it says that you may submit a transcript. It's throughout. Even in this acknowledgement letter, the MSPB says you may submit the transcript. It is not mandatory as the MSPB now says in its brief. What we argue is that the arbitrator found the facts as we asked the arbitrator to find the facts. He found that the performance improvement plan had not been properly conducted. That the bargaining unit employee had sought training and had been rejected between 10 to 15 times the request for training had been rejected. All we asked the board to do was look at the findings, apply the proper law, knowing that training is the touchstone of a performance improvement plan, and consistency. We said also look at the arbitrator's findings that the supervisor gave inconsistent instructions as to what should be done. So we said, all we want you to do is apply the law here. That's all we need you to do. We don't need you to look at anything else. And they never did ask for the agency's decision, which meant nothing after we go to binding arbitration because what our contract says, what the collective bargaining agreement says is what happens after the decision, the agency's decision, it's null once we go to our binding arbitration. And it's that arbitration decision of which we sought review that we did not get for purely procedural reasons. And the most important point is that there was no show cause order. There was no request that we give the agency decision. And over 20 years I've never, ever submitted the agency decision after we've had an arbitration decision. And so what's most important is you have someone with 15 years of government employment, you've got a decision by an arbitrator that says the PIP was wrongly conducted, but I'm going to deny the grievance anyway, and then you've got the MSPB saying, well, we're not going to review it on the merits. We're going to simply dismiss it on procedure. One of the procedures being the mandatory submission of the transcript, which its own regs and its acknowledgement letters say over and over, the board's notice states that the record on appeal may include a transcript of the hearing. And that is plain as day in 5 CFR 1201.155D. So what we want is for the court to either send this back and tell the MSPB that you've got to decide this case on the merits. That if the agency decision is so important to you, which it isn't, because under our CBA the agency decision becomes defunct. Unless we get a decision from the arbitrator. So if we ask you to send this case back telling the MSPB that they must determine this case on the merits, look at the file, and if that agency decision is so important to them, request it. But simply don't throw it out because you don't have it. The other point is, if you don't think that that is doable, and we don't think the MSPB is going to be fair about it, we would ask you to look at the decision of the arbitrator, look at the findings that he made, and simply apply the law. Apply the law of this court, which was said in Martin versus, I think it was Aviation, 1986 case, that the training is the touchstone of a properly conducted performance improvement plan. That that's the touchstone. The arbitrator found that management here did not, and in fact refused request for training. That's the most important thing. And that the manager as well gave inconsistent and conflicting directions. He made these findings. So we were never, ever trying really to confront the findings of the arbitrator. We welcomed them. We thought they were good findings. What we thought went wrong was his application or lack of application of the law. We said had he properly applied the law, there is no way he could have denied the grievance. Would you like to save the remainder of your time for rebuttal? Excuse me? Do you want to save the remainder of your time for rebuttal? Yes, I do. Okay, thank you. We will hear from Ms. Lederer. May it please the Court. The Board correctly denied petitioner's request for review of an arbitration decision because she failed to file the required copy of the agency decision, removing her from her position. Ms. Jenkins says that over 15 or 20 years of her experience, the Board never actually requires submission, or often doesn't require submission of the agency decision. So I want to ask you, what can you say about that? She also, I think, offered a kind of here's why that occurs, which is that the agency decision is more or less or even completely superseded by the arbitrator's decision. Can you address that? Well, the regulations do state that the agency decision is a mandatory document that must be submitted in order to enable Board review of an arbitration decision. I'm not familiar with any cases where the Board hasn't required that, but one possible reason why that decision is necessary is even though the Board is reviewing an arbitration decision, just to know the basis of the agency's action, the facts that the agency says are underlying the action, it makes sense that that document would be required, because you can't just go based on what the arbitrator said. If the Board's reviewing the decision, it could decide that the arbitrator was wrong or that he misstated facts, etc. So obviously having the agency decision, which is the basis of the action that's being appealed, would seem to be very important if you're reviewing an arbitration decision. Was the kind of description of general practice that Ms. Jenkins gave, was there something in this proceeding in which that assertion was made to the Board as a reason, justification for having not submitted the agency decision? No, and in fact, at no point did Petitioner attempt to submit the agency decision or to provide any explanation for why she was not submitting the agency decision. And with regard to the argument that the Board didn't issue a show cause order, the Board did issue a clerk's order, which is at page 51 of the appendix, on February 20, 2015, which specifically... Is this what Ms. Jenkins referred to as the acknowledgment letter? Yes. It specifically set forth all the mandatory requirements in the second paragraph that the Board's regulations require, including... Just like a standard form paragraph that everybody gets as part of an acknowledgment letter? It could be sent as a result of the record not being complete. It could be set as a standard. I'm not aware whether it's sent in every single case. However, Petitioner did respond to this clerk's letter, but chose not to offer any argument for why she wasn't submitting the agency decision or even mention it. She just submitted a list of corrections to what she had already submitted. The Board did notify her and point out that she was represented at all stages of the Board appeal and received notification of the requirements, the mandatory requirements of the regulations. She chose to not offer any substantive response and not ever attempt to submit the agency decision. Is it the Board's view that failure to comply with this application element of the regulation is or is not subject to any kind of waiver justification-based exceptions? I couldn't quite tell from the Board's final order. There's language about it being mandatory and it precludes the Board. On the other hand, that follows a sentence in which I think the Board says that in this case, no explanation was offered. The Board could decide to waive its requirements as sometimes it does if good cause is shown. In this case, however, she didn't offer any cause at all. There was no reason for the Board to consider waiving its requirements. I would like to just point out that the Board's decision was not based in any way on the failure to submit the transcript. The Board dismissed the case because of the failure to submit the agency decision and also mentioned that Petitioner also did not submit any other evidence or argument that would enable her to overcome the deference to the arbitrator's fact-finding. So the Board listed the transcript as one possible example of evidence that she could have submitted but in no way was trying to imply that that was a mandatory document or that that was the only piece of evidence she could have submitted. Ms. Jenkins made the comment that in all of the years of her experience, she'd never filed the agency decision when appealing an arbitrator's decision. Is there a pattern or practice at the MSPB in appeals from arbitrator's decisions not to require the agency decision? I'm not aware of any such practice and Ms. Jenkins has not identified any cases where the Board has not followed its regulations. So I'm not really able to respond to that in the absence of any offerings of cases where the Board didn't follow it. It's a regulation that the Board follows, as far as I'm aware, in all cases, unless some sort of reason is given for waiving those requirements. So you're familiar with other cases in which the Board applied this rule? I don't have any specific sites for you, but I am aware that it's the practice that the Board follows. So the Board's regulations state that a request for Board review of an arbitrator's decision must contain legible copies of the final grievance or arbitration decision, the agency decision to take the action, and other relevant documents, which may include a transcript or state recording of the hearing. In the clerk's letter of February 20th, the clerk gave petitioner additional time to supplement her petition for review with any of these required documents after notifying her of the requirements. And as I mentioned, she responded to the letter but made no attempt to file the agency decision or anything else. So because this mandatory document was not filed, the Board properly dismissed the petition for review. And as I already mentioned, the Board also made a secondary finding that her failure to submit any other evidence, including the transcript, would render her unable to overcome the deference to the arbitrator's findings The Board's review of the arbitrations is limited, and there's a higher standard of deference to an arbitrator's findings than there are to just a typical straight appeal of an agency action. Because petitioner opted to pursue her grievance through the grievance process rather than directly appealing it to the Board, she opted to follow the increased deference standard of review that the Board has for an arbitrator's decision. She could have opted to just directly appeal the agency's action, and then the Board would have had more leeway in reviewing that decision. One thing that sort of struck me as a little bit odd here in the Board's opinion is that there's no discussion at all of the merits, or there's no discussion at all about why the absence of these documents leaves the Board unable to overcome the deference of the arbitrator's decision. And I wonder why the Board didn't at least make an effort to say, you know, you didn't follow the rule, you didn't submit the agency decision, you didn't show cause why the transcript was late, so we're not going to consider that, and you haven't given us anything else. And you raise the following six issues, all of which require the submission of some evidence, and we are left where we can't decide. It's just the Board simply said, well, you didn't follow the rule, you're done. It strikes me as a little odd. They didn't dismiss for lack of jurisdiction. They certainly had the case before them. They had the power to decide, and I don't know anything about the merits of the case, but I can imagine a case where the issue that the Board has to decide really is not dependent upon anything that's either in the agency decision or the transcript. Well, the procedural requirements for obtaining appeal are sort of a threshold issue for the Board to even consider the merits of a case, so if the Board finds that those aren't met, then it cannot review the underlying case. Even if there was a case where they could make a decision of some sort? Well, they're basically finding that they don't have the authority to review this case, so they're not reviewing the case, so that's why there wasn't any discussion of the actual underlying merits. It would actually be improper for the Board to attempt review of a case where the requirements for review have not been met and to start talking about opinions about the decision. The Board found the requirements for it to review the decision were not met. And that was a pair of requirements, namely the 155D plus or as modified by the good cause provision. Well, the requirements are in 155D, and the Board does have the ability to not enforce its regulations, so that's not really codified in the regulations, but if good cause had been offered, it's conceivable that the Board would have considered whether to waive the requirements. But as far as discussing the merits, I think it would be improper for the Board to discuss the merits when it's already found that it has no authority to decide the merits. That's what I'm trying to tease out. I understand that the rule requires compliance, but if one fails to follow the rule, does that eliminate the authority of the Board to decide nonetheless if the case before them is such that they could make a decision on the merits, despite the failure to follow the rule? Yes, the Board is essentially finding that it doesn't have jurisdiction to decide this case because the procedural requirements were not met. I thought the Board was pretty careful in not dismissing for lack of jurisdiction, just to avoid this issue. Well, the Board does dismiss for lack of jurisdiction when the requirements for review are not met. This is more akin to a procedural dismissal, but it's the same sort of there's a threshold for review and the petitioner has the burden to meet that threshold and she has not met it. The Board does not go into the merits of the case. Do you have anything else? Just a few corrections. We were not trying to overturn the deference that should be paid to the findings of the arbitrator. What we argued to the MSPB throughout our brief was, these findings are what we asked for, is what we looked for, is what we tried the case for, to find that the PIP was not properly conducted. He made those findings. What we said is that the law was not properly applied and we asked the MSPB to apply the law. Now, as far as the MSPB getting back and requesting that we give them the agency decision, well, that's not true. The letter of February 20th, 2015, is just an acknowledgement letter that is almost generated automatically. The petition for review was filed on February 18th. This letter was processed. The letter at Joint Exhibit 51 was issued on the 20th. It's a pro forma letter. It's just issued whenever you file a petition for review. This is the honest truth. In over 20 years of filing with the MSPB, I've never once filed the agency decision when I've had a binding arbitrational decision. Never once. Are you aware of anything from the government that establishes a pattern or practice of not requiring the agency decision? Yes. You said in 20 years you've never filed the agency decision. The question I have is, is there something you are relying on that would permit that course of action despite the clear language of this rule? Exactly this. This is what has always happened with us, with everyone I know who is plaintiff's counsel. If an individual is going before the board and there has been no arbitration decision, and they are contesting the agency's decision to remove them, to give them a 14-day suspension, if they're going directly to the board, that agency decision is crucial to the review. They have nothing else to review but that agency decision. When you get this letter, and no, I did not try to make an excuse for not putting in the agency letter, absolutely. I'm not looking for an excuse. What I'm looking for is something that indicates that the government doesn't ask for the agency decision. You said in 20 years you've never filed it. What is the basis for you taking that action despite the clear language of this rule that says to the contrary, you have to file it? This is what it says. This letter goes out regardless of whether you are appealing an arbitration decision or whether you as an individual are coming. I understand the letter. I'm asking you on what basis in your 20 years of experience where you've not filed the agency decision from an arbitrator's decision, on what basis do you take that action despite the rule which says you must file it? Basically, it's the past practice. That is basically it, that it has never been filed. The board has never requested that it be filed. It never requested the agency's decision. Even though this letter comes out, it was understood by all who looked at it that that agency decision was only germane if you were going directly to the board from the agency decision. If you were going by arbitration, then that agency decision was defunct. It had nothing to do with your petition for review. Because many times the agency may have proposed a removal. The arbitrator may have come back and said, well, this person gets a 30-day suspension. The board cannot then go back, look at that decision to remove that person and say, oh, well, we want to go with the removal. No, they've only got to review what the arbitrator has found. So that agency decision, this is a general letter that was not germane to our case. It's generated pro forma whenever you file. As you can see, it came out two days after the petition for review was filed. Ms. Jenkins, your red light is on, so we have to call it quits. Thank you for the argument.